IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTRAL LABORER'S PENSION FUND et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 09-3322 |
| IVY CONCRETE FOUNDATIONS, INC., | ) ) ) ) | |
| Defendant. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendant Ivy Concrete Foundations, Inc.'s Motion for Leave to File Answer, *Instanter* (Motion for Leave) (d/e 9) and Motion to Set Aside Entry of Default (Motion to Set Aside) (d/e 10), and Plaintiffs' Response to Defendant's Motion to Set Aside the Entry of Default (Response) (d/e 13). This matter is fully briefed and ripe for adjudication. For the reasons set forth below, the Court grants the Motion for Leave and Motion to Set Aside.

FACTS

On December 11, 2009, Plaintiffs filed this lawsuit against Defendant

1

under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq., seeking delinquent pension-fund contributions, liquidated damages, audit costs, and attorneys' fees and costs. Complaint (d/e 1). Plaintiffs allege that Defendant is the alter ego and successor corporation of Ivy Concrete Construction, Inc., the entity that signed the Collective Bargaining Agreements that form the basis of this suit. On January 21, 2010, a private detective served Timothy J. Rigby, Defendant's registered agent and licensed Illinois attorney, with a copy of the Complaint and Summons. Summons in a Civil Action (d/e 4). Defendant did not respond to the Complaint. Plaintiffs filed their Request for Entry of Default (d/e 5) on March 5, 2010, and served it on Rigby via U.S. mail. Request for Entry of Default, p. 2.

On March 5, 2010, U.S. Magistrate Judge Byron G. Cudmore entered default against Defendant. Order of Default (d/e 6). It was not until March 8, 2010, however, that Rigby forwarded Plaintiffs' Request for Entry of Default to Michael T. Ivy, Sr., Defendant's President and sole shareholder. The cover letter accompanying Plaintiffs' default request stated:

> Enclosed is a Request for Entry of Default which we received in connection with the above litigation. As I indicated in my letter of December 4, 2009, a copy of which is enclosed, we have not

> been engaged by Ivy Concrete to represent it in this matter and have not been paid for prior legal work and consequently, we are unable to represent Ivy Concrete in connection with this matter.

Motion to Set Aside, Ex. A, Affidavit of Michael T. Ivy (Ivy Affidavit), Ex. 2, March 8, 2010, Letter to Michael T. Ivy from Timothy J. Rigby. The December 4, 2009, letter referenced in the March 8, 2010, correspondence makes no mention of the instant litigation, and it is actually dated seven days prior to the date on which Plaintiffs filed this suit. See Motion to Set Aside, Ex. A, Ivy Affidavit, Ex. 1, December 4, 2009, Letter to Michael T. Ivy from Timothy J. Rigby; Complaint.

Plaintiffs filed their Motion for Accounting (d/e 7) on March 12, 2010, seeking judgment in their favor and an order requiring Defendant to produce payroll records related to Plaintiffs' claims. On March 16, 2010, Defendant's counsel entered an appearance and filed the Motion for Leave and the Motion to Set Aside. These Motions indicate that Ivy Concrete Construction, Inc. ceased operations in 2005 due to a lack of business; the Illinois Secretary of State's website indicates that the company was involuntarily dissolved effective August 1, 2006. See Motion to Set Aside, Ex. A, Ivy Affidavit, ¶ 5; http://www.ilsos.gov/corporatellc/index.jsp (search for "Ivy Concrete Construction" conducted March 31, 2010). Defendant

3

seeks to set aside the default entered against it and answer Plaintiffs' Complaint. Plaintiffs oppose these actions.

ANALYSIS

Under the Federal Rules of Civil Procedure, a party seeking to vacate the entry of a default must demonstrate three things: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." Cracco v. Vitran Express, Inc., 559 F.3d 625, 630-31 (7th Cir. 2009) (quoting Sun v. Bd. of Trustees of the University of Ill., 473 F.3d 799, 810 (7th Cir. 2007)) (internal quotation marks omitted); see Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause . . . ."). Federal district courts apply this standard liberally to promote merits-based resolutions of disputes. Cracco, 559 F.3d at 631; Sun, 473 F.3d at 811.

Defendant asserts that Rigby's failure to convey information about this lawsuit to Defendant or Michael Ivy constitutes good cause for the default. Plaintiffs, on the other hand, urge that Defendant, an Illinois corporation, is responsible for its registered agent's behavior, and that failure to communicate with Rigby does not constitute good cause for vacating the default in this case.

4

As a general rule, difficulties in communications or cooperation between an attorney and his client do not constitute good cause for vacating a default. Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc., 28 F.3d 42, 45 (7th Cir. 1994); C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1207 (7th Cir. 1984). This is particularly true when the defendant-client is in some way responsible for the communications breakdown by, for example, failing to claim certified mail from its registered agent. See Trustees of Constr. Industry Welfare Fund of Cent. Ill. v. Rawdin Concrete Constr., Inc., 237 F.R.D. 414, 415 (C.D. Ill. 2006).

Nonetheless, the Court finds that Defendant here had good cause for its failure to appear. Defendant's registered agent waited months to bring this lawsuit to Defendant's attention, and did not do so until after the Court entered default against Defendant. The facts of this case are clearly different from those of Rawdin, where the defendant ignored communications about the litigation from its registered agent. Rawdin Concrete Constr., Inc., 237 F.R.D. at 415. There is no evidence in this case that Defendant had notice of this lawsuit until after March 8, 2010, when Michael Ivy received Rigby's letter.

Additionally, and looking to the second prong of the test for setting

5

aside a default, Defendant moved quickly once it discovered this lawsuit's existence. A week after receiving Rigby's March 8, 2010, letter, Defendant's current counsel entered an appearance in this case and filed the Motions now before the Court. Such actions do not evince a desire on Defendant's behalf to thumb its nose at the Court, and instead demonstrate that Defendant is serious about defending against this lawsuit. See Davis v. Hutchins, 321 F.3d 641, 646 (7th Cir. 2003) (holding that refusal to vacate entry of default is justified when a party demonstrates "a willful refusal to litigate the case properly" and shows "disregard for the litigation or for the procedures of the court").

The final criterion for setting aside the default is whether Defendant has shown a meritorious defense to Plaintiff's Complaint. Defendant argues that Plaintiffs have not alleged facts sufficient to support their alter ego and successor liability theories. Plaintiffs counter that Defendant's analysis of these theories is improperly based on common-law principles, as opposed to principles governing ERISA cases.

The U.S. Court of Appeals for the Seventh Circuit has noted that in ERISA cases, the purpose of the alter ago doctrine is to prevent an employer from escaping its obligations to organized labor by merely changing its

6

corporate structure.  <u>Central States, Southeast & Southwest Areas Pension Fund v. Sloan</u>, 902 F.2d 593, 596 (7th Cir. 1990).  Factors giving rise to a finding of alter ego in this context include identical business purposes, joint operations, similar customers, and identical equipment.  <u>Id.</u> at 596-97.  Similarly, a successor liability theory under ERISA is predicated on showing "sufficient indicia of continuity between the two companies and that the successor firm had notice of its predecessor's liability." <u>Upholsterers' Intern. Union Pension Fund v. Artistic Furniture of Pontiac</u>, 920 F.2d 1323, 1329 (7th Cir. 1990).

In this case, Michael Ivy was the sole shareholder of Ivy Concrete Construction, Inc., and is the sole shareholder of Defendant.  There is some evidence that both companies engaged in providing residential concrete services.  However, these facts are not conclusive on the issues of alter ego or successor liability.  Defendant has presented additional facts showing that the companies engaged in distinct business activities under the concrete umbrella, owned different equipment, used different bank accounts and accountants, took out separate loans, and maintained separate corporate formalities.  <u>See</u> <u>Motion to Set Aside</u>, Ex. A, <u>Ivy Affidavit</u>.  At this stage in the proceedings, the Court finds that Defendant has put forward facts

sufficient to demonstrate a meritorious defense to Plaintiffs' claims.

THEREFORE, the Motion for Leave to File Answer, *Instanter* (d/e 9) and Motion to Set Aside Entry of Default (d/e 10) are GRANTED. The Clerk of Court is directed to immediately file Defendant's Answer as a separate docket entry. The default entered against Defendant on March 5, 2010, is hereby VACATED. In light of the foregoing, Plaintiffs' Motion for an Accounting (d/e 7) is DENIED at this time as MOOT. Additionally, Defendant's Motion for Leave to File Reply (d/e 14) is denied as moot.

IT IS THEREFORE SO ORDERED.

ENTER:   April 6, 2010

      FOR THE COURT:

                                               s/ Jeanne E. Scott
                                                JEANNE E. SCOTT
                               UNITED STATES DISTRICT JUDGE