# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION FUND, et al., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 09-3322 |
| IVY CONCRETE FOUNDATIONS, INC., et al., | ) ) ) ) | |
| Defendants. | ) | |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Ivy Concrete Foundations, Inc.'s (Ivy Concrete) Motion to Quash Citation to Discover Assets (d/e 47) (Motion). For the reasons set forth below, the Motion is ALLOWED.

Plaintiffs served on Ivy Concrete two Citations to Discover Assets (d/e 45 and 46) (Citations) in this case to enforce a money judgment against Ivy Concrete. Plaintiffs assert that this Court's Opinion entered September 30, 2011 (d/e 43) (Opinion 43) constitutes a final money judgment against Ivy Concrete. Opinion 43 granted partial summary judgment in favor of Plaintiffs and against Ivy Concrete in the sum of $90,165.63. Opinion 43, at 18.

A party holding a final money judgment in federal court may use supplementary proceedings authorized by the state where the court is located to collect the money judgment. Fed. R. Civ. P. 69(a). A citation to discover assets is a supplementary proceeding authorized by Illinois to collect a money judgment. 735 ILCS 5/2-1402.

The Plaintiffs, however, must first secure a final money judgment against Ivy Concrete. Opinion 43 is not a final money judgment. Opinion 43 does not resolve all of Plaintiffs' claims against all defendants. The Plaintiffs still have outstanding claims against Defendants MTI Properties, LLC (MTI), and Michael T. Ivy. <u>Amended Complaint (d/e 29)</u>, Count III; <u>Status Report filed December 27, 2011 (d/e 44)</u>, ¶ 5.[1] An order that does not resolve all claims against all parties is a final judgment "<u>only</u> if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b) (emphasis added). Opinion 43 does not contain a finding that there is no just reason for delay. As such, Opinion 43 is an interlocutory order "that may be revised at any time before entry of a judgment adjudicating all of the claims and all the parties' rights and liabilities." <u>Id.</u> Opinion 43 is not a final judgment.

---

[1] The Status Report states that Michael T. Ivy filed a chapter 7 bankruptcy petition on October 3, 2011. <u>Status Report</u>, at 2. If Ivy received a discharge in bankruptcy, the claim against him may be resolved. The record is unclear. The Plaintiffs, however, state that they intend to pursue their claim against MTI. <u>Status Report</u>, ¶ 5.

Plaintiffs argue that Opinion 43 became a final judgment 150 days after its entry on the docket. Plaintiffs rely on Rule 58(c)(2)(B). Plaintiffs are mistaken. Rule 58(c)(2)(B) applies if a judgment is entered on the docket, but a required separate judgment document is not entered. Fed. R. Civ. P. 58(c)(2)(B). In this case, no judgment was entered on the docket because Opinion 43 is an interlocutory order that can be revised at any time, not a final judgment. Fed. R. Civ. P. 54(b). Rule 58(c)(2)(B), therefore, does not apply. Plaintiffs have no money judgment in this case, and so, are not authorized to use supplementary proceedings such as citations to discovery assets at this time. Fed. R. Civ. P. 69(a); 735 ILCS 5/2-1402.

WHEREFORE, Defendant Ivy Concrete Foundations, Inc.'s Motion to Quash Citation to Discover Assets (d/e 47) is ALLOWED. The Citations to Discover Assets on Defendant Ivy Concrete Foundations, Inc. (d/e 45 and 46) are hereby quashed. Citation hearings set May 1, 2013, at 2:00 p.m. before the undersigned are CANCELLED.

ENTER: April 24, 2013

s/ Byron G. Cudmore
UNITED STATES MAGISTRATE JUDGE